UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TARA D. YOUNG, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO. 1:11-cv-255-WTL-DKL |
| ) | |
| ACCOUNTS RECOVERY BUREAU, INC., ) | |
| ) | |
|   Defendant. ) | |

### ENTRY ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred the Plaintiff's Motion for Assessment of Attorney's Fees and Costs to Magistrate Judge Denise K. LaRue. Magistrate Judge LaRue issued a report and recommendation in which she recommended that the Defendant be ordered to pay "$2,625.00 for attorney time (10.5 hours at $250.00 per hour), $1,035.00 for paralegal/law clerk time (11.15 hours at $100.00 per hour), $390.00 in costs, $475.00 for the reply, and $325.00 for the hearing or a total of $4,850.00." Although the total amount of fees awarded was greater than that urged by the Defendant, the Defendant has not filed an objection to the Magistrate Judge's report and recommendation, and the time for doing so has expired.

The Plaintiff did file a timely objection in which she argues that the Magistrate Judge's entry contains a scrivener's error.[1] The entry does contain a scrivener's error, but the Plaintiff has improperly identified it. As the Plaintiff notes, the Magistrate Judge's conclusion states that the Plaintiff is entitled to "$1,035.00 for paralegal/law clerk time (11.15 hours at $100.00 per hour)," but 11.15 hours at $100.00 per hour does not equal $1,035.00. The Magistrate Judge's

---

[1] The Defendant did not file a response to the Plaintiff's objection, and the time for doing so has expired.

error was not the failure to multiply 11.15 by 100 correctly, however. Rather, the Magistrate Judge incorrectly listed the number of paralegal/law clerk hours that she determined to be compensable. As the totality of her entry makes clear, the Magistrate Judge determined that a total of 6.25 hours in that category should be disallowed (.95 + .8 + 2.2 + 1.4 + .9 = 6.25). The Plaintiff had requested reimbursement for 16.6 hours in that category. Subtracting 6.25 from 16.6 leaves 10.35. It is therefore the 11.15 part of the formula that is the scrivener's error; the Magistrate Judge's total number is correct (i.e., 10.35 x 100 = 1035).

The Plaintiff's objection is **GRANTED** to the extent that it asks the Court to correct the Magistrate Judge's scrivener's error; however, that correction does not change the total amount of the award recommended by the Magistrate Judge. The Magistrate Judge's recommendation that the Plaintiff is entitled to an award of attorney fees and costs in the amount of $4,850.00 therefore is **ADOPTED**. **Within 14 days of the date of this Entry,** the Defendant shall pay the Plaintiff the amount of $5,850.00 pursuant to its settlement offer.[2] **Within 21 days of the date of this Entry**, the parties shall file a stipulation of dismissal with prejudice.

SO ORDERED: 08/28/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[2] The Defendant purported to make an offer of judgment pursuant to Federal Rule of Civil Procedure 68 in the amount of $1,000.00 plus costs, including reasonable attorney fees. Despite what the parties call it, it was not an offer of judgment because the parties have not agreed to have judgment entered; rather, they have agreed to dismiss this case, with prejudice, once the Defendant has paid the amount it owes the Plaintiff.